STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 CA 1442

TINA M. HOOPER

VERSUS

MONIQUE LOPEZ, PROGRESSIVE WASTE SOLUTIONS OF LOUISIANA
AND ARCH INSURANCE COMPANY

SEP 0 1 2022

*****************************************************

**On Rehearing**

**McClendon, J.,**

We grant Ms. Hooper's application for rehearing for the limited and sole purpose

of clarifying our decision that the trial court did not err in denying Ms. Hooper's motion

for continuance without a contradictory hearing. As stated in our original opinion,

**Hooper v. Lopez**, 21-1442 (La.App. 1 Cir. 6/22/22), ___ So.3d ___ (2022 WL 2238716),

the defendants filed their motion for summary judgment on November 23, 2020. At Ms.

Hooper's request, the hearing on the motion for summary judgment, originally scheduled

for January 19, 2021, was reset for May 3, 2021, to give her additional time to obtain an

expert to oppose the motion. On April 21, 2021, Ms. Hooper filed her opposition to the

motion for summary judgment, attaching the affidavit of her accident reconstructionist,

as well as the affidavit of her husband. On April 27, 2021, the defendants filed a reply

memorandum in support of their motion for summary judgment, objecting to the

timeliness of Ms. Hooper's opposition. Therein, the defendants asserted that because

LSA-C.C.P. art. 966(B)(2) requires that any opposition to a motion for summary judgment

and all documents in support of the opposition be filed and served not less than fifteen

days prior to the hearing on the motion and because Ms. Hooper's opposition was filed

twelve days prior to the scheduled hearing, the trial court should not consider the

opposition nor any of the documents filed with it.

*Welch, J. concurring in part and dissenting in part and assigns reasons*

As a result, on April 30, 2021, Ms. Hooper filed another motion to continue the hearing on the motion for summary judgment, stating that the requested seven days "would allow the defendants-movers more time and satisfy the requirements of fifteen (15) days before the hearing." Thereafter, the trial court denied the motion for the continuance without a hearing, noting that the motion for summary judgment was filed on November 23, 2020.

Louisiana Code of Civil Procedure art. 966(B)(2) provides:

> B. Unless extended by the court and agreed to by all of the parties, a motion for summary judgment shall be filed, opposed, or replied to in accordance with the following provisions:
>
> * * *
>
> (2) Any opposition to the motion and all documents in support of the opposition shall be filed and served in accordance with Article 1313 not less than fifteen days prior to the hearing on the motion.

It is undisputed that Ms. Hooper failed to timely comply with Article 966(B)(2) and that she filed her motion to continue in order to comply with the applicable deadlines. However, Ms. Hooper argues that a contradictory hearing was required pursuant to LSA-C.C.P. art. 963 and LSA-C.C.P. art. 1605. Article 963 provides:

> If the order applied for by written motion is one to which mover is clearly entitled without supporting proof, the court may grant the order ex parte and without hearing the adverse party.
> If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party.
> The rule to show cause is a contradictory motion.

Additionally, Article 1605, which specifically addresses motions to continue, provides that "[e]very contested motion for a continuance shall be tried summarily and contradictorily with the opposite party."

Ms. Hooper filed her motion for continuance on Friday, April 30, 2021, one business day before the hearing on the motion for summary judgment, scheduled for Monday, May 3, 2021, as an *ex parte* motion. The motion was clearly opposed. This type of filing, i.e. an *ex parte* contested motion to continue, is clearly contrary to the rules set forth in the Louisiana Code of Civil Procedure, and as such, is not supported by existing law. See **Landry v. Landry**, 2021-0337 (La.App. 1 Cir. 10/8/21), 331 So.3d 351, 356, writ denied, 2022-00044 (La. 3/2/22), 333 So.3d 835. Moreover, at the start of the hearing on

2

Monday, May 3, 2021, wherein all counsel were present, the trial court stated that Ms. Hooper filed her motion to continue on Friday, April 30, 2021, and that it was denied. Ms. Hooper did not object to the ruling, nor was there any further discussion regarding same prior to the commencement of the hearing on the motion for summary judgment. After a careful review of our original decision, the parties' arguments on rehearing, and the specific facts of this case, we find no error by the trial court.

In all other respects the application for rehearing is denied, and the June 22, 2022 opinion by this Court remains unchanged, except as clarified herein.

**REHEARING DENIED IN PART AND GRANTED IN PART FOR THE LIMITED PURPOSE OF CLARIFICATION; JUDGMENT AFFIRMED.**

TINA M. HOOPER

VERSUS

MONIQUE LOPEZ, PROGRESSIVE
WASTE SOLUTIONS OF LOUISIANA
AND ARCH INSURANCE COMPANY

NUMBER: 2021 CA 1442

FIRST CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

**On Rehearing**

**WELCH, J., concurring in part and dissenting in part.**

I agree with the majority's decision on rehearing clarifying its earlier opinion that the trial court did not err in denying Ms. Hooper's motion for continuance. However, I write separately to point out that I would also grant rehearing on the basis that the summary judgment was improvidently granted. As set forth in my original concurring and dissenting opinion, the defendants failed to meet their initial burden on the motion by establishing the absence of factual support for Ms. Hooper's claims and that all issues of material fact were resolved.

Thus, I respectfully concur in part and dissent in part.